TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
KEDAR S. BHATIA (Cal. Bar No. 363470)
Assistant United States Attorney
Public Corruption and Civil Rights Section
DAVID C. LACHMAN (Cal. Bar No. 261711)
Assistant United States Attorney
National Security Division
        1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-4442/5564
        Facsimile: (213) 894-2927
        E-mail:    kedar.bhatia@usdoj.gov
                   david.lachman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

4/18/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ asi _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>SHAMIM MAFI,<br><br>        Defendant. | No. 2:26-mj-02332-DUTY<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER SEALING DOCUMENTS; DECLARATION OF AUSA KEDAR S. BHATIA<br><br>**(UNDER SEAL)** |

The government applies ex parte for an order directing that the criminal complaint and agent affidavit and arrest warrant, as well as this ex parte application, the declaration of AUSA Kedar S. Bhatia, and this Court's sealing order, and all documents subsequently filed under this same case number, be kept under seal until further order of the Court, or until the government determines that these materials are subject to its discovery obligations in

connection with criminal proceedings, at which time they may be produced to defense counsel.

The government also seeks an order directing that, at the time of defendant's arrest, the arrest warrant and a redacted copy of the criminal complaint and agent affidavit, which shall redact defendant's home address and the affiant's name, shall be unsealed and may be provided by the Department of Justice to the public. After defendant's arrest, the government shall provide a copy of the redacted, unsealed criminal complaint and affidavit to the Court Clerk's office to be filed on the public docket.

This ex parte application is based on the declaration of AUSA Kedar S. Bhatia and the records and files in this case, including the criminal complaint.

Dated: April 18, 2026          Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

/s/
_____
KEDAR S. BHATIA
DAVID C. LACHMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

The government requests that this Court seal the criminal complaint and agent affidavit and arrest warrant, as well as this <u>ex parte</u> application, the declaration of AUSA Kedar S. Bhatia, and this Court's sealing order, and all documents subsequently filed under this same case number, to maintain the integrity of its investigation. Approval from this Court to seal these documents is required under Local Rule 79-5.1.

The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants. <u>In re Sealed Affidavit (Agosto)</u>, 600 F.2d 1256 (9th Cir. 1979) (<u>per</u> <u>curiam</u>) (holding that even aside from Federal Rule of Criminal Procedure 41 "courts have inherent power, as an incident of their constitutional function, to control papers filed with the courts within certain constitutional and other limitations"); <u>see also</u> <u>Offices of Lakeside Non-Ferrous Metals, Inc.</u>, 679 F.2d 778, 779-80 (9th Cir. 1982) (citing <u>Agosto</u>).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of a warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41. <u>In re EyeCare Physicians of America</u>, 100 F.3d 514 (7th Cir. 1996). In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued. If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there had been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

1

Id. at 517. Accord In re Grand Jury Proceedings, 115 F.3d 1240, 1247 (5th Cir. 1997).

Here, for the reasons described in the attached declaration, sealing is necessary to maintain the integrity of the government's investigation. Accordingly, the government requests that the criminal complaint and agent affidavit and arrest warrant, as well as this ex parte application, the declaration of AUSA Kedar S. Bhatia, and this Court's sealing order, and all documents subsequently filed under this same case number until such time as an unsealing order is issued, be kept under seal until further order of the Court, or until the government determines that these materials are subject to its discovery obligations in connection with criminal proceedings, at which time they may be produced to defense counsel. The government further requests an order allowing redacted versions of the complaint and accompanying affidavit be publicly disclosed by the government at the time the Department of Justice publicly announces defendant's arrest, which shall redact defendant's home address and the affiant's name. Finally, the government requests that the Court's order not limit its ability to provide copies of the search warrants at the time the warrants is executed, as required by Federal Rule of Criminal Procedure 41(f).

**<u>DECLARATION OF AUSA KEDAR S. BHATIA</u>**

I, Kedar S. Bhatia, declare as follows:

1.    I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the investigation of this matter, in which the government has submitted a criminal complaint, accompanying agent affidavit, and a proposed arrest warrant. Approval from this Court to seal these documents is required under Local Rule 79-5.1.

2.    Defendant has not been taken into custody on the charges contained in the Complaint and has not been informed that they are being named as a defendant in a Complaint. The likelihood of apprehending defendant might jeopardized if the Complaint or arrest warrant in this case was made publicly available before defendant are taken into custody. Premature disclosure of the warrant could also risk the destruction of evidence, which includes key digital evidence. Notifying the defendant that she is a person to be arrested could endanger law enforcement officers when they are executing the arrest. The agent affidavit also supports search warrant applications, and the accompanying search warrants have not been executed either.

3.    Accordingly, the government requests that the Complaint and the arrest warrant, as well as this <u>ex parte</u> application, this declaration, and this Court's sealing order, and all documents subsequently filed under this same case number, be kept under seal until such time as an unsealing order is issued in this matter.

4.    The government requests that the Court order that, at the time of defendant's arrest, the arrest warrant and a redacted copy

3

of the criminal complaint and affidavit, which redacts the defendant's home address and the affiant's name, shall be unsealed and may be provided by the Department of Justice to the public. Because the complaint affidavit also supports a search warrant for defendant's home, the government seeks to redact that home address in the publicly filed complaint affidavit. In addition, the affiant for the complaint is an agent who focuses on counterintelligence matters involving Iran, and he conducts law enforcement operations with other sources and individuals. See Agent Affidavit, Section II (background of the affiant). Given the particular nature and focus of the agent's work, public disclosure of the affiant's name could risk the safety of the agent and others during future law enforcement operations. While public disclosure of the affiant's name may be necessary or appropriate at the trial stage or some other stage of the criminal proceeding, the government submits that it is appropriate to redact the affiant's name in the publicly filed complaint. See, e.g., Order & Complaint, United States v. Buchanan, 2:24-cr-595-JWH-MAR (C.D. Cal. May 25, 2024) (Dkts. 4, 8) (order permitting disclosure of complaint with certain redactions and publicly filed complaint with redactions).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on April 18, 2026.

/s/
_____
Kedar S. Bhatia
Assistant United States Attorney

4