TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
KEDAR S. BHATIA (Cal. Bar No. 363470)
Assistant United States Attorney
Public Corruption and Civil Rights Section
DAVID C. LACHMAN (Cal. Bar No. 261711)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4442/5564
     Facsimile: (213) 894-2927
     E-mail:    kedar.bhatia@usdoj.gov
                david.lachman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>SHAMIM MAFI,<br>   aka "Raheleh Mafi,"<br><br>       Defendant. | No. 2:26-cr-266-MCS<br><br>[PROPOSED] ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**[PROPOSED] TRIAL DATE:**<br>January 19, 2027<br><br>**[PROPOSED] STATUS CONFERENCE DATE:**<br>January 11, 2027 |

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the parties in this matter.  The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in

this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that:  (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1.   The trial in this matter is continued from June 23, 2026, to January 19, 2027, at 8:30 a.m.  The status conference hearing is continued to January 11, 2027, at 3:00 p.m.

2.   The time period from the date of this Order to January 19, 2027, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv).

3.   Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of

additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

_____          _____
 DATE                                      THE HON. MARK C. SCARSI
                                           UNITED STATES DISTRICT JUDGE

Presented by:

       /s/
_____
 DAVID C. LACHMAN
 Assistant United States Attorney

3